# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| CANDACE MOTT, individually and on behalf of her minor child E.J., and LILLIAN ROUSSEAU, individually and on behalf of her minor child M.C., <br><br>Plaintiffs <br><br>v. <br><br>UNITED STATES OF AMERICA, <br><br>Defendant | NO. 3:16-cv-02503 <br> CHIEF JUDGE CRENSHAW |

## MEMORANDUM OPINION

Pending before the Court is the United States' Motion to Dismiss (Doc. No. 15.) For the reasons stated herein, the Motion to Dismiss will be granted.

## BACKGROUND

Plaintiffs Mott and Rousseau brought this action, pursuant to the Federal Tort Claims Act (specifically 42 U.S.C. § 1346), on behalf of their minor children, E.J. and M.C. Plaintiffs allege that Staff Sergeant Jeremiah Austin, an active duty solider stationed at Fort Campbell, sexually assaulted E.J. and M.C. on numerous occasions during 2013 and early 2014. Plaintiffs contend that the United States was aware of prior alleged incidents of sexual assault committed by Austin in Georgia, and that the United States breached its duty to report suspected child abuse to the proper authorities in Tennessee, ultimately causing E.J. and M.C. to be sexually assaulted by Austin.

Plaintiffs have sued the United States for intentional and negligent infliction of emotional distress, negligence, negligence *per se*, and failure to warn or report. (Doc. No. 1). The United States

has moved to dismiss Plaintiffs' claims, pursuant to Fed. R. Civ. P. 12(b), for lack of jurisdiction and for failure to state a claim for which relief may be granted. (Doc. No. 15).

## MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).[1] To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Id. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. Id. at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. Fritz v. Charter Township of Comstock, 592 F.3d 718, 722 (6th Cir. 2010).

## FEDERAL TORT CLAIMS ACT

Sovereign immunity generally bars claims against the United States without its consent. Kohl v. United States, 699 F.3d 935, 939 (6th Cir. 2012). Congress, through the Federal Tort Claims Act

---

[1] Defendant has attached "supporting materials" to its Memorandum. Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings only if they are referred to in the plaintiff's complaint and are central to her claim. Okolo v. Metropolitan Govt. of Nashville and Davidson County, 892 F.Supp.2d 931, 946, n. 5 (M.D. Tenn. 2012). Here, the documents attached to Defendant's Memorandum are referenced and relied upon in Plaintiffs' Complaint. Plaintiffs have attached to their Response a "Memorandum Opinion for the General Counsel United States Department of Veterans Affairs." This document was not mentioned or referred to in the Complaint, and the Court cannot consider it.

("FTCA"), waived this governmental immunity for claims brought for injury or loss of property caused by the negligent or wrongful act or omission of any employee of the United States while acting within the scope of his employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 42 U.S.C. § 1346(b)(1); Kohl, 699 F.3d at 939.

Defendant first argues that the court has no subject matter jurisdiction over this action because any wrongful actions by Austin were not taken within the scope of his employment as required by the FTCA. Plaintiffs have clarified, however, that their claims do not arise from Austin's actions;[2] rather, they arise from the actions or inactions of Defendant after learning of the allegations against Austin and the potential harm to children exposed to Austin. Plaintiffs assert that Defendant owed a duty to Plaintiffs, independent of Austin's employment. With this understanding of the nature of Plaintiffs' claims, the scope of employment issue is moot.

Defendant also argues that the court lacks subject-matter jurisdiction because of two exceptions to the FTCA. The FTCA excepts certain claims from its waiver of sovereign immunity. Cline v. United States, 13 F.Supp.3d 868, 872 (M.D. Tenn. 2014). If a claim falls within an exception, then federal courts lack subject-matter jurisdiction. Id.; Kohl, 699 F.3d at 940.

DISCRETIONARY FUNCTION EXCEPTION

One exception to the FTCA is any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or employee of the government, whether or not the discretion involved be abused. 42 U.S.C. § 2680(a).

---

[2] "The Defendant's reliance on Shearer is misplaced because its argument assumes that Plaintiffs filed this complaint for the sexual assaults that were committed against E.J. and M.C. This is incorrect." (Doc. No. 26).

3

Conduct cannot be discretionary unless it involves an element of judgment or choice. Berkovitz by Berkovitz v. United States, 486 U.S. 531, 536 (1988). The discretionary function exception will not apply if a federal statute, regulation or policy specifically prescribes a course of action for an employee to follow because the employee has no rightful option but to adhere to the directive. Id. This exception protects only governmental actions and decisions that involve an element of judgment or choice and are based upon public policy considerations. Id. at 539; A.O. Smith Corp. v. United States, 774 F.3d 359, 364-65 (6th Cir. 2014).

Defendant argues that its decisions to take action or not take action regarding these abuse allegations involved judgments and choices and that the statutes themselves explicitly require assessment and discretion. For example, the federal reporting statute provides that any person who learns facts that "give reason to suspect that a child has suffered an incident of child abuse" shall report such abuse. 42 U.S.C. § 20341. What the United States learned in this case were allegations. There is discretion and judgment involved in deciding whether the allegations give reason to suspect that a child has been abused. Similarly, the state statute requires reporting "if the harm is of such a nature as to reasonably indicate that it has been caused by brutality, abuse or neglect or that, on the basis of available information, reasonably appears to have been caused by brutality, abuse or neglect." Tenn. Code Ann. § 37-1-403. These decisions also involve the exercise of judgment and discretion and involve public policy considerations.

This is not a case where the statute mandates the procedure for deciding whether to report allegations or prescribes a specific course of action to make that determination. The Court finds that the discretionary exception applies in this instance. Therefore, Plaintiffs' FTCA claims are excepted

from Defendant's waiver of sovereign immunity and the Court has no subject matter jurisdiction over them.

Because Plaintiffs' claims all fall under the FTCA, and because the Court has no subject matter jurisdiction to hear Plaintiffs' FTCA claims, this action must be dismissed.

CONCLUSION

For all these reasons, Defendant's Motion to Dismiss (Doc. No. 15) will be granted, and this action will be dismissed.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE